**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1029**

---

NELL SANDERS ASPERO,

                              Plaintiff - Appellant,

        versus

MCDONALD'S CORPORATION, a Delaware
Corporation,

                              Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (CA-03-27-MC)

---

Submitted: April 9, 2004              Decided: June 2, 2004

---

Before WIDENER, LUTTIG, and DUNCAN, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

---

Nell Sanders Aspero, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nell Sanders Aspero appeals from district court orders entered August 5, 2003, August 26, 2003, and November 25, 2003. Aspero also moves for the entry of default judgment against McDonald's Corporation, to strike McDonald's pleadings, and to recertify the record to the district court.

As to Aspero's appeal from the district court orders entered August 5, 2003, and August 26, 2003, we dismiss the appeal as untimely. The August 5, 2003 order denied Aspero's request and motion for a hearing to transfer her civil action from the United States District Court for the District of Colorado to the United States District Court for the Eastern District of Virginia. The August 26, 2003 order denied Aspero's motion for reconsideration. Civil litigants are accorded thirty days after the district court's entry of a final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period, Fed. R. App. P. 4(a)(5), or reopens the appeal period. Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Aspero's notice of appeal was filed on December 18, 2003, and is therefore untimely as to the district court's orders of August 5, 2003, and August 26, 2003. Because Aspero failed to file a timely notice of appeal or to obtain an extension

- 2 -

or reopening of the appeal period, we dismiss her appeal as to the orders of August 5, 2003, and August 26, 2003.[*]

As to Aspero's appeal from the district court order entered November 25, 2003, denying her request for international judicial assistance, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See Aspero v. McDonald's Corp., No. CA-03-27-MC (E.D. Va. filed Nov. 24, 2003; entered Nov. 25, 2003).

As to Aspero's motions for the entry of default judgment against McDonald's, to strike McDonald's pleadings, and to recertify the record to the district court, we deny relief on these motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

---

[*]Even if Aspero's notice of appeal was timely, it is abundantly clear that the district court did not err. As found by the district court, only the district court in which a case is pending possesses authority to direct that the litigation be transferred to another jurisdiction. Thus, Aspero's request that her case pending in the District of Colorado be transferred to the Eastern District of Virginia can only be entertained by the United States District Court for the District of Colorado.